HOOPER, Chief Justice
(dissenting).
I must respectfully dissent.
This is a will-contest case. In 1994, Jack Howard executed a will disinheriting his three daughters and leaving all his property to his brother and his brother’s family. The 1994 will revoked his 1987 will, which had left everything to his children. Howard’s attorney, Adams Nolte, who had prepared the 1994 will, testified that he and Howard discussed the revocation of the 1987 will. Howard committed suicide on September 27, 1995. Edgar S. Hodges, named by the 1994 will as executor, filed that will for probate; Howard’s daughters filed a will contest, claiming that Howard had lacked the capacity to execute the will.
At a hearing, two of Howard’s daughters and the father-in-law of one of the daughters testified. Their testimony portrayed Howard as an abusive husband and father and as having been insane for many years before the execution of the 1994 will. It appears that Howard and his daughters had had a disagreement in 1989, when the daughters had him evicted from his house. They had not talked with him in years and could not form an opinion as to his testamentary capacity in 1994 — the year the will was executed. Based on the oral testimony presented at the hearing, the trial judge ruled that Howard was not mentally competent when he executed the will; thus, the court held the will invalid.
*525 The Court of Civil Appeals reversed, with a unanimous opinion. Hodges v. Genzone, 724 So.2d 521 (Ala.Civ.App.1998). That court acknowledged that Howard had been a very abusive man, an alcoholic, and unquestionably eccentric. Nonetheless, it held that those facts did not amount to a lack of testamentary capacity.
However, where evidence is presented ore tenus, a court’s factual findings based on that evidence are presumed correct; its judgment based on those factual findings will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. American Petroleum Equipment & Constr., Inc. v. Fancher, 708 So.2d 129 (Ala.1997). Based on this standard, I would grant the certiorari petition so that we could be certain whether the trial court abused its discretion and whether the reversal by the Court of Civil Appeals was justifiable. The trial court is granted discretion because of its opportunity to actually hear the witnesses and evaluate their demeanor. In this particular case, after hearing the testimony and evaluating the evidence presented at the hearing, the trial judge ruled that Howard was not mentally competent when he executed the 1994 will. Clearly, the trial judge was in the best position to determine the stability and the competence of Jack Howard. For these reasons, I respectfully dissent.